DLD-180                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1180
_____

WILLIAM HARRISON ALSTON,
                                        Appellant


v.


DEBRA FORSYTH; MARTY SAPKO; STEPHEN HOUSELER; JAMES PERROTTI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:05-cv-00168-001)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 29, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 13, 2010 )
_____

OPINION
_____

PER CURIAM

    Appellant William Harrison Alston seeks review of an order of the United States

District Court for the Western District of Pennsylvania entered on January 6, 2010,

granting summary judgment to Appellees Debra Forsyth, Marty Sapko, Stephen Houseler,

and James Perrotti (collectively, "Appellees"). For the following reasons, we will summarily vacate the District Court's order and remand the matter for further proceedings consistent with this opinion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I. Background

Alston, a federal prisoner formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a pro se civil rights complaint in May 2005, pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Alston named as defendants the four Appellees, all federal officials who were employed at FCI-McKean during Alston's tenure there.

In the complaint, Alston alleged he had been assigned to work at FCI-McKean's UNICOR factory from March 2001 through March 2002. According to Alston, during that work assignment, he was exposed to high levels of silica dust, a carcinogen. He allegedly inquired about the safety of his exposure to the silica dust and was assured he was receiving adequate protection. In March 2002, Alston was diagnosed with a spot on his lung, and he was transferred to a different facility shortly thereafter.

Alston claims he has since suffered additional adverse health effects and attributes these problems to silica dust exposure. Based upon these allegations, Alston claims Appellees violated his rights under the Fifth and Eighth Amendments of the United States Constitution. He seeks to recover monetary damages.

In September 2007, Appellees moved to dismiss Alston's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on two grounds: (1) that the applicable two-year statute of

limitations bars his claims; and (2) that adverse decisions issued in several similar silica dust cases brought by other FCI-McKean prisoners foreclose his claims.[1] Alston opposed the motion.

On June 5, 2008, the District Court denied the motion to dismiss. The District Court concluded that Alston's allegations did not "conclusively establish that Plaintiff's cause of action accrued outside of the applicable two-year limitations period." The District Court also determined that Alston was not precluded from litigating his claims, because he had not been a party to the Ward silica dust cases and had not yet had a "full and fair" opportunity to litigate his claims. Moreover, those cases were decided after extensive discovery, while no discovery had yet taken place in Alston's case.[2]

Alston's action proceeded. Among other things, on March 30, 2009, Alston filed a "notice to compel the taking of depositions," requesting that seven prison officials, including Appellees, be made available for depositions. The "notice" also stated that Alston had served requests for the production of documents and but received a minimal

---

[1] See Hill v. LaManna, 1:03-cv-00323 (W.D. Pa.); Kelly v. LaManna, 1:03-cv-00368 (W.D. Pa.); Siggers v. LaManna, 1:03-cv-00355 (W.D. Pa.); Ward v. LaManna, 1:04-cv-0011 (W.D. Pa.); Hill v. LaManna, 1:05-cv-00160 (W.D. Pa.) (collectively, the "Ward silica dust cases"). In these cases, which were consolidated, the District Court granted summary judgment to the prison official defendants on the plaintiffs' Eighth Amendment claims.

[2] The District Court noted it was unclear whether Alston had been provided access to the discovery materials from the Ward silica dust cases and, if so, whether he had been permitted to supplement that discovery.

response.[3]  The record does not reflect any response to Alston's submission.

On April 6, 2009, the Magistrate Judge held a status conference and scheduled the filing of dispositive motions "regarding [the] timeliness issue."  On May 13, 2009, Appellees moved for summary judgment solely on statute of limitations grounds.  Alston opposed the motion.  While the summary judgment motion was pending, we affirmed the District Court's award of summary judgment to the prison officials in the Ward silica dust cases.[4]  Ward v. LaManna, 334 F. App'x 487 (3d Cir. 2009).  Appellees then filed a reply brief in support of summary judgment, arguing that Ward should dispose of Alston's claims.  Alston did not file a sur-reply.

The Magistrate Judge issued a Report and Recommendation ("R&R").  The R&R recommended denying summary judgment on statute of limitations grounds, because the record reflected a "wealth of conflicting evidence" concerning when Alston had, or should have had, sufficient awareness of the relevant facts to recognize his cause of action against Appellees.  However, the R&R recommended granting summary judgment to Appellees based upon Ward, 334 F. App'x at 491-92.  The Magistrate Judge concluded, "[n]ow that Plaintiff has had a full and fair opportunity to gather and present evidence in support of his

---

[3]  In his "notice," Alston acknowledged receipt of "discovery materials that were forwarded by" Appellees' counsel.  The record does not reflect whether the materials included some or all of the discovery that had been provided to the plaintiffs in the Ward silica dust cases.

[4] We agreed that, viewing their evidence in the light most favorable to them, the plaintiffs in those cases failed to establish that the named prison officials were deliberately indifferent to the risks associated with silica dust.

claims, it is clear that Plaintiff is unable to present anything new for this Court to consider."

Alston filed objections and Appellees responded to Alston's objections. On January 6, 2010, the District Court issued a short order adopting the R&R as its opinion and granting summary judgment to Appellees.

Alston filed a timely pro se notice of appeal. Appellees have filed a motion for summary action. Alston has not filed a response.

## II. Analysis

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment order. See Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007). We view the evidence in the light most favorable to Alston and draw all reasonable inferences in his favor. Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). We will uphold the decision if Appellees established there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### A.

A summary judgment movant must provide the nonmoving party with notice and a reasonable opportunity to respond. See generally, Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments . . . so long as the losing party was on notice that

she had to come forward with all of her evidence."). There is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant. See, e.g., Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998) ("[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond."); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (a District Court should not consider new evidence raised in the reply to a motion for summary judgment without giving the nonmoving party an opportunity to respond); Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985) ("[T]he nonmoving party . . . should have had an opportunity to examine and reply to the moving party's papers before the court considered them in its decision process.").

Here, the District Court accepted Appellees' argument that Ward, 334 F. App'x 491-92, is dispositive of Alston's claims. Appellees raised this argument for the first time in a reply brief. Neither the Federal Rules of Civil Procedure nor the District Court's local rules permitted Alston to file a sur-reply. See Fed. R. Civ. P. 56(c)(1); W.D. Pa. L. Civ. R. 56. Accordingly, Alston had no meaningful opportunity to present arguments or evidence in opposition to the decisive issue.[5]

_____

[5] Although Alston's objections to the R&R attempted to distinguish his case from Ward, we do not consider the objections to be an adequate substitute for the opportunity to directly respond to Appellees' summary judgment claim. Among other things, Alston had a more limited time to prepare and file objections to the R&R. See 28 U.S.C. § 636(b)(1) (a party must file objections to a Magistrate Judge's recommendations within

According to Appellees, "[i]f Alston had any other 'new' evidence to present at summary judgment to distinguish his case from – and escape the effect of – Ward, it was incumbent upon him to present it." Appellees overlook that Alston was not afforded the opportunity to do so. Fundamental fairness demands that Alston should have had notice and a meaningful opportunity to respond prior to the award of summary judgment on grounds raised for the first time in Appellees' reply brief.

To the extent Alston wishes to present arguments and evidence in opposition to the decisive summary judgment issue, the District Court should consider them in the first instance. Accordingly, we will vacate the District Court's order and remand this matter for further proceedings.

B.

Because we have determined that remand is appropriate, we need not reach the merits of the District Court's summary judgment decision. However, we note that, while it appears that the District Court implicitly applied the principle of defensive collateral estoppel, the District Court did not discuss preclusion principles or set forth its rationale for applying them.[6] The District Court did not discuss how Alston's evidence is

---

14 days); Fed. R. Civ. P. 56(c)(1)(B) (a party opposing summary judgment must respond within 21 days). Alston did not append to the objections any affidavits or other cognizable evidence and he did not specify the existence of a genuine issue of material fact to avoid summary judgment, as he would be expected to do in a summary judgment response.

[6] For instance, the District Court did not address the general prohibition against applying collateral estoppel to those who were not parties to the prior litigation, see Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009), or a basis for applying an exception to that rule.

"substantially similar, if not identical" to the evidence in Ward, and, while the District Court stated that Alston had a "full and fair opportunity to gather and present evidence in support of his claims," the record does not reflect such an opportunity or whether and to what extent Alston had access to discovery.

We express no opinion whether summary judgment may or may not be appropriate in these proceedings. Upon remand, we are confident that the District Court will fulfill its obligation to conduct a careful judicial inquiry prior to applying preclusion principles, see Purter v. Heckler, 771 F.2d 682, 690 (3d Cir. 1985) (citing Brown v. Felsen, 442 U.S. 127, 132 (1979)), and will provide a clear statement of the rationale underlying its decision, to facilitate meaningful appellate review of its conclusions. See Forbes v. Twp. of Lower Merion, 313 F.3d 144, 148 (3d Cir. 2002); Vadino v. A. Valey Eng'rs, 903 F.2d 253, 259 (3d Cir. 1990).

## III. Conclusion

For the foregoing reasons, we will vacate the District Court's summary judgment order and remand the matter for further proceedings consistent with this opinion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Appellees' motion for summary action in their favor is denied.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1180
_____

WILLIAM HARRISON ALSTON,
Appellant


v.

DEBRA FORSYTH; MARTY SAPKO; STEPHEN HOUSELER; JAMES PERROTTI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:05-cv-00168-001)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 29, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>


_____

**JUDGMENT**
_____

This cause came to be considered on the record from the United States District Court for the Western District of Pennsylvania and was submitted pursuant to 28 U.S.C. § 1915(e)(2)(B) or for possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on April 29, 2010. On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court entered on January 6, 2010, be and the same is hereby vacated and the matter is remanded. All of the above in accordance with the opinion of this Court.

ATTEST:

Clerk

DATED: